# N. Y. SUPERIOR COURT.

## WILLIAM SMITH agt. ROBERT MACDONALD.

*Subpœna duces tecum — in proceedings for examination of defendant as a party before trial.*

It is well settled that a party examined as a witness, either at or before the trial, may be required, upon a *subpœna duces tecum*, to produce his *books* or *papers* relating to or containing evidence pertinent to the issues in the action.

There is no discrepancy between the provisions of sections 390, 391 of the Code, which authorize compulsory examination of a party as a witness, at the instance of the adverse party before trial, and the privilege accorded by section 388, under which, in certain cases, an inspection and copy of books and papers containing evidence relating to the suit may be obtained through the order of the court, or a justice thereof, in their discretion, and it would be unreasonable and unjust to withhold the process of *subpœna duces tecum* merely because a *discovery* is also allowed under certain special circumstances.

*Special Term, January*, 1876.

MOTION to set aside *subpœna duces tecum*, issued on the examination of defendant as a witness before trial pursuant to sections 390 and 391 of the Code.

This motion was argued on an order for the plaintiff to show cause why the "*subpœna duces tecum*," previously served on the defendant, should not be set aside and vacated, with costs. The plaintiff's proceedings were for an examination of the defendant as a party before trial, pursuant to sections 390 and 391 of the Code. The defendant had been served previously with the notice, order, and summons for his examination, together with the *subpœna duces tecum*, and

the affidavit of plaintiff's attorney, on which the order and summons had been obtained, stating that the examination of the defendant was necessary before the plaintiff could safely proceed to trial, and stating in what respect such examination was necessary.

*M. M. Budlong*, for plaintiff.

*Blumenstiel & Ascher*, for defendants.

SANFORD, *J.* — The defendant contends that the only mode in which his adversary can, before trial secure evidence contained in the books of account kept by him, or in documents of which he has the exclusive possession, is by an application for discovery under section 388 of the Code, and according to the requirements of the supreme court rules, 18, 19 and 20. In other words, that the plain and express provisions of sections 390 and 391, which authorize compulsory examination of a party as a witness at the instance of the adverse party before trial in the same manner and subject to the same rules of examination as any other witness, must be rejected as repugnant to or inconsistent with the privilege accorded by section 388, under which, in certain cases, an inspection and copy of books and papers containing evidence relating to the suit may be obtained through the order of the court, or a judge or justice thereof, in their discretion.

It is a settled rule of construction that if there be a discrepancy between the statutes, or different parts of the same statute, such an exposition of them should be made as will enable both to operate and have effect. But I think there is no discrepancy between the two sections of the Code which prescribe the remedies now in question. The purpose to be attained by one is entirely different from that contemplated by the other, and both may be properly pursued in the same cause either concurrently or at different stages of the litigation, as the exigencies of the case may require.

Smith agt. Macdonald.

The books or papers, of which an inspection or copy is procured under section 388, do not thereby become evidence in the case. The party producing them may not, by virtue of their production, use these as evidence in his own favor, and he at whose instance they are produced, must, upon the trial, if he would put them in evidence, resort to the same process and be subject to the same rule, with respect to their production and admissibility, as if no such discovery had been made. But if called for and produced, under *subpœna duces tecum*, they may be resorted to in the examination of any person as a witness, whether a party or not, and whether he be examined at the trial or previously, and it would be unreasonable and unjust to withhold that process merely because a discovery is also allowed under certain special circumstances. But a *subpœna duces tecum* may not be used as the means of obtaining a discovery, and the party calling for the production of books and papers, and the preliminary examination of a party, or other witnesses before trial, will be required to pursue the examination, with respect to their contents, in the same manner and subject to the same rules as if the trial were actually proceeding in court.

I am aware that there is some conflict of decisions in the different courts on the question, but the conclusion at which I have arrived is amply sustained not only by the informal direction of judge SEDGWICK, already made in the case at bar (to which I should unhesitatingly defer even were my own views in conflict with his), but by repeated adjudications of the appeal branch of this court, to which authority I am to submit (*Valiente* agt. *Dyckman*, 24 *How. Pr. R.*, 222; *Central National Bank* agt. *Arthur*, 2 *Sweeney*, 194; *Central National Bank* agt. *White*, 37 *Superior Ct. R.*, 297).

This motion must be denied, with costs.